UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM SHAW,

        Plaintiff,

v.                               Case No. 20-C-483

ROBERT MCQUEENEY,

        Defendant.

**ORDER**

Plaintiff William Shaw is proceeding with a claim that defendant Dr. Robert McQueeney violated his civil rights by repeatedly failing to treat his symptoms of withdrawal at the Milwaukee County Jail. Dkt. No. 7. Discovery closes April 26, 2021, and dispositive motions are due May 26, 2021. Dkt. No. 51. This matter comes before the Court on several pending motions: (1) Shaw's motion to compel discovery; (2) Shaw's "renewed motion to compel discovery and/or motion for default judgment;" (3) Shaw's motion to appoint counsel; and (4) Shaw's "motion and order for stipulated discovery procedure." Dkt. Nos. 52, 61, 63 & 65.

**1. Discovery-Related Motions**

Shaw's motion to compel and renewed motion to compel seek a variety of documents, most of which involve Milwaukee County Jail contracts, jail personnel, and jail policies. *See* Dkt. No. 53, ¶1; *see also* Dkt. No. 62, ¶1. Dr. McQueeney explains that he is not an employee of the Milwaukee County Jail, so he does not have access to those documents. Dkt. No. 54. Dr. McQueeney states that he responded appropriately to Shaw's discovery requests. *Id*.

The Court has reviewed the docket and it appears as though Dr. McQueeney has produced what he had in his possession. Shaw concedes, for example, that he received Dr. McQueeney's

medical license and Dr. McQueeney's certificate of insurance. *See* Dkt. No. 62, ¶2. Dr. McQueeney cannot produce the remaining items because he does not work for the jail. The Court will therefore deny Shaw's motions to compel.

The Court will deny Shaw's "motion and order for stipulated discovery procedure." *See* Dkt. No. 65. Shaw's request to file 300 requests for admissions is unreasonable. Moreover, the Federal Rules of Civil Procedure are adequate to guide discovery in this case. The Court will not "order" a different discovery procedure. The Court notes that "stipulations" are between the parties. The Court cannot "order" the defendant to stipulate to anything, but Shaw can *ask* the defendant to stipulate to something by contacting defense counsel directly. Shaw should not file requests for stipulations with the Court.

The Court will also deny Shaw's request for default judgment. Shaw has no basis to seek default.

**2. Motion to Appoint Counsel**

On February 18, 2021, Shaw filed a motion to appoint counsel. Dkt. No. 63. Shaw states that he has no legal training or monetary resources, that this case involves medical issues that require a medical expert, that defense counsel has been "uncooperative" during discovery, and that he was unsuccessful in his attempts to recruit counsel on his own. *Id.*, ¶¶1-7.

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, -- F.3d --, 2021 WL 456002, at *8 (7th Cir. Feb. 9, 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority*, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 2021 WL 456002, at *8. To demonstrate he satisfied the first prong, Shaw must show he contacted at least three lawyers and provide the Court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Id.* When considering the second prong, the Court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The Court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-91. The Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the Court

3

may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett*, 930 F.3d at 871.

The Court is satisfied that Shaw made reasonable attempts to recruit counsel on his own. *See* Dkt. No. 63-1. But the Court will not recruit counsel at this time. Contrary to Shaw's assertion, he does not need a medical expert to show that Dr. McQueeney failed to treat his symptoms of withdrawal. Shaw can use his medical history documents, along with his own affidavit or declaration, to describe how Dr. McQueeney responded to his requests for medical care. The Court is familiar with the law surrounding deliberate indifference, so Shaw need not explain the law. Moreover, as discussed above, Dr. McQueeney has not been "uncooperative" in discovery; he cannot produce what he does not have. Finally, most incarcerated plaintiffs lack legal training and monetary resources. The Court does not have the resources to recruit a volunteer attorney for every incarcerated plaintiff who asks for counsel. Shaw's filings thus far have been clear and coherent, and the Court has no concerns about his ability to litigate this case. The Court will therefore deny his motion to appoint counsel without prejudice.

**IT IS THEREFORE ORDERED** that the plaintiff's motions to compel and/or motion for default judgment (Dkt. Nos. 52 & 61) are **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Dkt. No. 63) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the plaintiff's "motion and order for stipulated discovery procedure" (Dkt. No. 65) is **DENIED**.

Dated at Green Bay, Wisconsin this 24th day of February, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

4