UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM ROBERT SHAW,

          Plaintiff,

    v.                                Case No. 20-C-483

ROBERT MCQUEENEY,

          Defendant.

## ORDER

      Plaintiff William Robert Shaw, who is representing himself, is proceeding with a claim that Defendant Dr. Robert McQueeney violated his civil rights by repeatedly failing to treat his symptoms of withdrawal at the Milwaukee County Jail. Dkt. No. 7. Discovery closes April 26, 2021; and dispositive motions are due May 26, 2021. Dkt. No. 51. This matter comes before the Court on five pending motions: (1) Shaw's motion for extension of time; (2) Shaw's motion to stay the case pending his appeal; (3) Shaw's second motion to amend/correct the complaint; (4) Shaw's motion to withdraw his motion to stay the case pending his appeal; and (5) Shaw's third motion to amend/correct the complaint. Dkt. Nos. 102-03, 107, and 111-12.

    **a. Shaw's Motion to Stay the Case Pending Appeal and Subsequent Motion to Withdraw**

      On April 5, 2021, Shaw filed a motion to stay this case pending his appeal. Dkt. No. 103. He explained that he filed two notices of appeal in this case. *Id*. Ten days later, on April 15, 2021, Shaw filed a motion to withdraw his motion to stay. Dkt. No. 111. He states that he is a "layman" and did not know that he could not appeal a case until it was completely resolved. *Id*.

A notice of appeal normally deprives the district court of jurisdiction over the issues presented on the appeal. *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). But there is an exception to the rule for frivolous or baseless appeals. *Id. (*citing *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989)). The rule "does not operate . . . where there is a purported appeal from a nonappealable order." *United States v. Bastanipour*, 697 F.2d 170, 173 (7th Cir. 1982). Indeed, when a notice of appeal is a frivolous effort to block the normal progress of litigation, the district judge "may certify to the court of appeals that the appeal is frivolous" and continue with the case. *Apostol*, 870 F.2d at 1339; *see also Peters v. Baldwin*, No. 17-CV-499-NJR-DGW, 2018 WL 10688328, at *1 (S.D. Ill. Apr. 5, 2018). As the Court already explained in a prior order, Shaw seeks to appeal non-appealable orders. *See* Dkt. No. 100 at 2-3. As a result, the Court will certify that his appeals are frivolous and will continue with the case.

The Court will also grant Shaw's motion to withdraw his motion to stay. The clerk's office shall terminate both motions.

**b. Shaw's Motion for Extension of Time**

Shaw asks the Court to extend the discovery deadline by four months, from April 26, 2021, to August 20, 2021. Dkt. No. 102. He states that he recently received about 3,000 pages of medical records and needs time to identify relevant documents and/or determine if the records are "complete." *Id*. Shaw also states that he is waiting on the Milwaukee County Jail (who is not a defendant in this case) to give him copies of his inmate grievances from 2017 to present. *Id*. He states that he filed the grievances, so he "is aware of the voluminous amount of grievances." *Id*.

The defendant opposes the motion and asks the Court to keep intact the current scheduling order. Dkt. No. 105 at 3-4. The defendant states that he has responded to all of Shaw's discovery

requests in good faith. *Id*. He notes that he has been "inundated, literally inundated, with discovery demands, motions, appeals, and demands of all sorts while defending this action." *Id*.

The Court will extend the dispositive motions deadline rather than the discovery deadline. This will give Shaw additional time to review the documents he received and/or wait for more documents from the jail while simultaneously addressing the defendant's concern that there be a reasonable stopping point for discovery. The Court notes that Shaw had more than enough time serve his discovery requests. Thus, if he wanted to make sure that what he received "complete" discovery responses, he should have served his requests sooner to allow himself time to make follow up requests.

### c. Shaw's Motions to Amend/Correct the Complaint

On April 12, 2021, Shaw filed his second motion to amend the complaint. Dkt. No. 107. As with his first motion to amend the complaint, he asks to add as defendants to the case the Wisconsin Injured Patients and Families Compensation Fund and a variety of insurance companies. *Id*. Three days later, on April 15, 2021, Shaw filed his third motion to amend the complaint. Dkt. No. 112. Again, he asks to add "liability insurance companies" as defendants to the case. *Id*.

As the Court already explained in a prior order, Shaw cannot sue the Wisconsin Injured Patients and Families Compensation Fund or any insurance companies in this case because he does not have any state law claims. *See* Dkt. No. 73. The Court also will not allow any other amendments at this stage of the litigation, as it will only needlessly delay this case. Toward that end, the Court must address Shaw's litigation tactics and filing practices. His repetitive and cumulative motions are an abuse to the defendant, this Court, and the judicial process as a whole. *See In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with [a court], no matter how

3

repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests for extraordinary writs does not promote that end."). The Court also has the inherent power to sanction litigants who engage in harassing, frivolous, or abusive conduct. *See Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). This order constitutes the final warning before the Court contemplates limiting Shaw's *pro se* filings in this case, as well as his other cases. The Court, at its discretion, may also impose other penalties. *See Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for extension of time (Dkt. No. 102) is **GRANTED**. Discovery still closes on April 26, 2021, but the dispositive motions deadline is extended to **July 26, 2021**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to withdraw his motion to stay the case (Dkt. No. 111) is **GRANTED**. The clerk's office is directed to terminate both motions.

**IT IS FURTHER ORDERED** that the plaintiff's motions to amend/correct the complaint (Dkt. Nos. 107 and 112) are **DENIED**.

The Court **CERTIFIES** that Shaw's appeals are frivolous because he is attempting to appeal non-appealable orders.

Shaw is **WARNED** that wasting scarce judicial resources by making repetitive and meritless filings may result in sanctions including dismissal of the case.

Dated at Green Bay, Wisconsin this 26th day of April, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

4