UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM ROBERT SHAW,

    Plaintiff,

  v.                                                Case No. 20-C-483

ROBERT MCQUEENEY,

    Defendant.

---

## ORDER

---

Plaintiff William Robert Shaw, who is representing himself, is proceeding with a claim that defendant Dr. Robert McQueeney violated his civil rights by abruptly discontinuing his prescription for Efexor and failing to treat his symptoms of withdrawal at the Milwaukee County Jail in February 2019. Dkt. No. 7. Discovery closed in April 2021; and the defendant timely filed a motion for summary judgment on July 26, 2021. Dkt. Nos. 116 & 146. Shaw's materials in response to the motion are due September 14, 2021. Dkt. No. 164.

On August 30, 2021, Shaw filed a motion for default judgment. Dkt. No. 167. Shaw states that the defendant filed his answer on October 29, 2020, nearly 70 days after receiving service of the complaint on August 21, 2020. *Id*. But even assuming that the defendant's answer was late, the circumstances do not warrant entry of default. *See, e.g.*, *Lohnes v. Brooks*, No. 2:19-CV-97-TLS-JPK, 2019 WL 6879322, at *1 (N.D. Ind. Dec. 4, 2019). "Federal Rule of Civil Procedure 55 authorizes the entry of default judgment against a party that 'has failed to plead or otherwise defend.'" *Cannon v. Washington*, 321 F. App'x 501, 502 (7th Cir. 2009) (citing Fed. R. Civ. P. 55(a), (b)(2)). A defendant who has participated in the litigation, complied with discovery, and

disputed the claim on the merits through a motion for summary judgment has not "failed to otherwise defend the suit," even in the absence of a timely filed responsive pleading. *Id*. at 502-03. Further, default judgment is a drastic sanction that is not favored by the courts. *Hal Commodity Cycles Management Co. v. Kirsh*, 825 F.2d 1136, 1138-39 (7th Cir. 1987). Indeed, the United States Court of Appeals for the Seventh Circuit has expressed a strong preference in favor of resolution of a case on the merits over entry of a default judgment. *Sun v. Bd. of Trustees for Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). The Court notes that Shaw has also been robust in his litigation of this case and has not been prejudiced by the allegedly untimely answer. Thus, the Court will deny the motion for default judgment. *See, e.g.*, *Isby v. Clark*, 100 F.3d 502, 504 (7th Cir. 1996) (concluding that the district court did not abuse its discretion in allowing the defendant to file an amended answer as late as the second day of a bench trial given that everybody clearly assumed that the defendants denied the essence of the claims in the lawsuit and discovery proceeded on that basis).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for default judgment (Dkt. No. 167) is **DENIED**.

Dated at Green Bay, Wisconsin this 2nd day of September, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
