UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM ROBERT SHAW,

    Plaintiff,

v.                                    Case No. 20-C-483

ROBERT MCQUEENEY,

    Defendant.

## DECISION AND ORDER

Plaintiff William Robert Shaw is representing himself in this 42 U.S.C. §1983 case. Discovery closed on April 26, 2021. On July 26, 2021, Defendant Robert McQueeney filed a motion for summary judgment. Dkt. No. 146. A couple days later, McQueeney filed a motion to restrict access to the parties to certain documents because those documents contained sensitive and confidential information relating to Shaw's mental health and medical records. McQueeney's motion focused on his brief in support of his motion for summary judgment, his declaration and supporting documents, and his proposed findings of fact. The clerk's office restricted access to those documents pending the Court's decision. On November 4, 2021, Shaw filed a motion asking the Court to seal those same documents. Dkt. No. 183. He also asked the Court to seal the affidavit of Lynn McCaustland (Dkt. No. 139), a paralegal who explained her efforts to obtain Shaw's medical records from the Milwaukee County Jail. Shaw also filed a motion to seal all the mental health and medical records that he attached in response to McQueeney's summary judgment motion. Dkt. No. 184.

The Court will grant McQueeney's motion to restrict access to the parties to his brief in support of his motion for summary judgment, his declaration and supporting documents, and his proposed findings of fact. The Court has reviewed these documents and they contain sensitive and private information about Shaw, not all of which is relevant to the issues in this case, that could be highly embarrassing to him if it were publicly disclosed. The Court will deny as moot Shaw's request to seal these same documents. When access to a document is restricted, the parties can view the documents; however, when a document is sealed, only the Court can view the documents. The Court suspects that Shaw wants access to these documents to be restricted, not sealed. In any event, because the Court is granting McQueeney's motion to restrict access to these documents, the Court will deny Shaw's motion as moot.

The Court also will deny Shaw's motion to seal (or restrict access to) McCaustland's affidavit in which she describes her efforts to obtain Shaw's mental health and medical records from the Milwaukee County Jail. The Court has reviewed her affidavit and the supporting documents, and they do not contain any private information about Shaw. Accordingly, there is no reason that those documents should not be publicly available. Finally, the Court will restrict access to Shaw's declaration (Dkt. No. 186), his brief in response to McQueeney's summary judgment motion (Dkt. No. 188), and his findings of fact (Dkt. No. 185). McQueeney agrees that these documents contain private and sensitive information about Shaw. The Court has reviewed these documents and, given the sensitive nature of the information contained in them, the Court believes restricting access to the parties is appropriate.

Next, as noted, McQueeney moved for summary judgment on July 26, 2021. After multiple extensions at Shaw's request, Shaw's response materials were due on October 29, 2021. *See* Dkt. No. 179. On November 2, 2021, McQueeney filed a motion for default judgment based

2

on Shaw's failure to timely respond to his summary judgment motion. Dkt. No. 180. The Court received Shaw's response materials over the course of the next few days. His response to McQueeney's proposed statements of fact and his declaration arrived on November 4, 2021, and his legal brief arrived on November 8, 2021. Dkt. Nos. 181, 182, 188. Shaw also filed a few additional exhibits that he asserts he forgot to mail along with his other response materials. Dkt. No. 187. Understanding that delays are common because inmates have no control over when the jail mails their materials, the Court will deny McQueeney's motion for default. He is not prejudiced by Shaw missing the deadline by a few days. The Court also will grant Shaw's request that it consider the additional exhibits that he forgot to mail along with his other response materials. The Court also will deny as moot Shaw's motion for an extension of time, which he filed on November 19, 2021, in the event "the Court determines that Plaintiff's response to Defendant[']s Summary Judgment motion was untimely." Dkt. No. 197. Because the Court is considering his response materials timely filed, no extension is needed.

Finally, on December 7, 2021, Shaw filed a motion for sanctions based on McQueeney's disclosure of Shaw's private medical information in his summary judgment materials. Dkt. No. 201. The Court will deny Shaw's motion. McQueeney promptly requested that the Court restrict access to the parties to his summary judgment materials. As noted, the clerk's office restricted access to those documents pending the Court's resolution of McQueeney's motion, so access to those documents has been limited to the parties since they were filed. McQueeney also expressed his agreement with Shaw's motion that access to Shaw's response materials should be restricted to the parties. McQueeney has conscientiously sought to protect Shaw's privacy. Therefore, sanctions are not warranted.

Given that McQueeney's summary judgment motion is now fully briefed, there should be no need for additional motion practice. The Court encourages the parties to be patient as they wait for the Court's decision on McQueeney's motion. Filing other motions will only delay resolution of the summary judgment motion.

**IT IS THEREFORE ORDERED** that McQueeney's motion to restrict documents (Dkt. No. 151) is **GRANTED**. The Court **RESTRICTS** access to the parties to Dkt. Nos. 147, 148 (and attachments), and 149.

**IT IS FURTHER ORDERED** that McQueeney's motion for default judgment (Dkt. No. 180) is **DENIED**.

**IT IS FURTHER ORDERED** that Shaw's motion to seal McQueeney's summary judgment materials (Dkt. No. 183) is **DENIED as moot**, and Shaw's motion to restrict access to the parties to his response materials (Dkt. No. 184) is **GRANTED**. The Court **RESTRICTS** access to the parties to Dkt. Nos. 185, 186, and 188 (and attachments).

**IT IS FURTHER ORDERED** that Shaw's motion to include additional exhibits (Dkt. No. 187) is **GRANTED**.

**IT IS FURTHER ORDERED** that Shaw's motion for extension of time (Dkt. No. 197) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Shaw's motion for sanctions (Dkt. No. 201) is **DENIED**.

Dated at Green Bay, Wisconsin this 13th day of December, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge