UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM ROBERT SHAW,

    Plaintiff,

  v.              Case No. 20-C-483

ROBERT MCQUEENEY,

    Defendant.

## DECISION AND ORDER

  Plaintiff William Robert Shaw, an inmate at the Milwaukee County Jail who is representing himself, is proceeding on a Fourteenth Amendment claim based on assertions that Defendant Robert McQueeney abruptly canceled his antidepressant. On July 26, 2021, Dr. McQueeney filed a motion for summary judgment. The Court will grant his motion and dismiss this action.

### BACKGROUND

  Shaw has been in custody at the Milwaukee County Jail as a pretrial detainee since February 15, 2017. Dr. McQueeney provides psychiatric services to inmates at the Jail, including to Shaw. On June 15, 2018, Nurse Practitioner Mayo (not a Defendant) prescribed the antidepressant Effexor/Venlafaxine 75 mg, three tablets every morning for ninety days. On November 17, 2018, Dr. McQueeney first met with Shaw and changed his Effexor/Venlafaxine prescription to one pill, three times per day because Dr. McQueeney was concerned about Shaw's high blood pressure and family history. Dkt. No. 149 at ¶¶1-2, 6-7, 10.

  About three months later, on February 15, 2019, Shaw complained of chest pain. He informed the nurse (not a Defendant) that he believed the pain was related to a change in his

medication. He expressed that his Effexor/Venlafaxine had been discontinued and that he did not receive his morning dose. The nurse told him she would follow up with his mental health providers. She created an appointment stating "Pt needs a rewrite for Venlafaxine 75 mg. Thanks." Shaw also did not receive his noon dose. At about 3:20 p.m., Shaw fell down three or four stairs and hurt his shoulder, neck, and back. He stated that he had felt dizzy, more so than he had earlier in the day. Shortly thereafter, at about 3:30 p.m. Nurse Practitioner Mayo gave Shaw his afternoon dose. He received his evening dose at 7:00 p.m. and his regularly scheduled doses thereafter. Dkt. No. 149 at ¶¶15, 18; Dkt. No. 148 at ¶38.

Dr. McQueeney asserts that he never discontinued Shaw's medication during the relevant time, and specifically not in February 2019. Dkt. No. 148 at ¶38.

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at

trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

Shaw asserts that, as a result of Dr. McQueeney canceling his prescription for Effexor/Venlafaxine, he became dizzy and lightheaded, which caused him to lose his balance and fall down the stairs. Because Shaw was a pretrial detainee at the relevant time, his claim arises under the Fourteenth Amendment. Under *Miranda v. County of Lake*, Shaw's claim is subject only to the objective unreasonableness standard. 900 F.3d 335, 352 (7th Cir. 2018). Thus, to prevail, Shaw must show that Dr. McQueeney "acted purposefully, knowingly, or perhaps even recklessly when [he] considered the consequences of [his] handling of [Shaw's] case" and that the challenged conduct was objectively unreasonable. *McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018) (citations omitted).

Dr. McQueeney is entitled to summary judgment because Shaw fails to present evidence from which a jury could reasonably conclude that Dr. McQueeney canceled Shaw's prescription. Dr. McQueeney denies that he canceled Shaw's prescription during the relevant time, and points to the absence of any medical record indicating that he canceled the prescription. Shaw presents evidence that he did not receive his morning and afternoon doses of Effexor/Venlafaxine on February 15, 2019, but he does not present evidence that Dr. McQueeney was responsible for those missed doses.

Shaw asserts that, on the morning of February 15, the nurse who was handing out medication told him that she could not give him his dose of Effexor/Venlafaxine "until [his] mental Health Provider i.e. Defendant Robert T. McQueeney (rewrites/reorders) [his] prescription." Dkt. No. 186 at ¶48. However, this comment, which is hearsay, is insufficient to create an issue of fact

3

on whether Dr. McQueeney canceled Shaw's prescription. In ruling on a motion for summary judgment, the Court considers evidence that would be admissible at trial. Hearsay—an out-of-court statement offered to prove the truth of its content—is inadmissible at summary judgment to the same extent that it is inadmissible at trial. *Eisenstadt v. Central Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). As such, this unidentified nurse's comment is not evidence of what Dr. McQueeney did or did not do with regard to Shaw's prescription. Moreover, even if the Court were to consider her comment, it does not support a conclusion that Dr. McQueeney canceled Shaw's prescription—it merely shows that this nurse said that Dr. McQueeney had done so.

Shaw also points to the fact that, after he complained he had not received his morning dose, another nurse created a request stating that Shaw needed a "rewrite" of the prescription. Shaw asserts that Dr. McQueeney was working that day and would have received the request. Again, though, even assuming Dr. McQueeney received the request for a rewrite (and Shaw provides no evidence to support that assumption), that does not show that Dr. McQueeney was responsible for Shaw not receiving his morning dose. Shaw could have missed his morning dose for any number of reasons, including an innocent clerical error.

In short, Dr. McQueeney denies that he canceled Shaw's Effexor/Venlafaxine prescription in February 2019, and medical records (or, more accurately, the absence of cancelation orders) support this assertion. Shaw, to the contrary, presents no evidence from which a jury could reasonably conclude that Dr. McQueeney canceled his prescription. Accordingly, Dr. McQueeney is entitled to summary judgment.

Finally, on December 22, 2021, Shaw filed a motion for reconsideration of the Court's order denying his motion for sanctions. Shaw had asked the Court to sanction Defendant's counsel for revealing his private medical information. The Court denied the motion, explaining that,

4

contrary to Shaw's accusations, counsel had made efforts to protect Shaw's privacy, so sanctions were not warranted. Dkt. No. 204 at 3. Shaw offers no reason why the Court should reconsider that decision. Accordingly, the Court will deny Shaw's motion for reconsideration. Shaw also asks the Court to "certify this matter for an interlocutory appeal." Dkt. No. 205 at 2. Because the Court is dismissing this action and entering judgment in favor of Dr. McQueeney, the Court will deny Shaw's motion as moot. Shaw may pursue an appeal if he so chooses.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Shaw's motion for reconsideration (Dkt. No. 205) is **DENIED**, Dr. McQueeney's motion for summary judgment (Dkt. No. 146) is **GRANTED,** and this action is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 30th day of December, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.